IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04919-GPG

YELINSON AMADOR-FRUTO,

Petitioner,

v.

JUAN BALTAZAR, Warden,

Respondent.

---

**ORDER**

---

Before the Court are Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.SC. § 2241 (Petition) (D. 1) and Emergency Motion to Enforce October 6, 2026 Order and for Immediate Release or Expedited Relief (D. 11).[1]

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

In his Petition, Petitioner requested that the Court:

[1] The Court must construe the Petition liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

> (1) require Respondents to identify the precise statutory authority for his continued detention; (2) require production of the I-286, I-200, NTA, custody records, and evidence supporting the alleged active Colombian case and firearm allegations; (3) if§ 1226(a) governs and due process requires further review, order a constitutionally adequate individualized custody hearing; (4) order release if Respondents cannot establish a lawful basis for continued detention; and (5) grant such other relief as the Court deems just and proper.

(D. 1 at 4).

The Court ordered Respondent to provide a bond hearing at which the government bore the burden of proof and file a status report if Petitioner was not granted bond (D. 4 at 3). Respondent received a bond hearing held on October 9, 2026, before Immigration Judge (IJ) Robyn Ross (D. 10-2). On October 15, 2026, the IJ issued a written decision, finding "the Department has established by clear and convincing evidence that Respondent presents a danger to the community and, independently, by a preponderance of the evidence that Respondent presents a flight risk" (*id*. at 7). The Court ordered a second status report (D. 8; D. 10). Petitioner filed his Motion challenging the IJ decision.

Upon review of the IJ's written decision and recording of the hearing, the Court does not find there is sufficient evidence that the IJ failed to consider Petitioner's evidence or that the bond hearing was procedurally unfair to a constitutional degree. The IJ identified the applicable burdens of proof and applied them to the evidence. Petitioner's arguments regarding the proceeding do not wholly correspond to what occurred (D. 11 at 2) (referencing a continuance).[2] The IJ received evidence and allowed Petitioner an opportunity to challenge the government's evidence.

[2] The Court has received several similar filings in habeas cases. It is unclear if Petitioner is relying on an ill-fitting example or the like.

Petitioner's remaining arguments boil down to a disagreement with the IJ that the government's evidence related to Petitioner's possible involvement in a homicide in Colombia before entering the country and brandishing a weapon in the United States showed danger to the community and that related evidence showed flight risk (D. 11-1 at 5). While the Court is empowered to prescribe the applicable burden of proof an IJ must apply at a bond hearing in the name of due process, *see Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *2–3 (D. Colo. Nov. 14, 2025), and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden. The INA explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C. § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e).

Based on the IJ's analysis showing that she considered all evidence presented and found that DHS had made the required showings by the applicable burdens, the Court cannot say that the IJ did not consider Petitioner's evidence or improperly applied the burden required by the Court. Here, the Court ordered that Respondent provide Petitioner with a bond hearing at which the government bore the burden of proof, and Respondent appears to have done so. The Court is not at liberty to revisit the IJ's particular findings. This resolves the issues raised in the Petition and Motion because Respondent has provided Petitioner a constitutionally adequate hearing and shown a legal basis for Petitioner's detention based, in part, on the evidence that he sought. Accordingly, the Court denies the Petition and Motion.

For the reasons stated herein, the Court finds and concludes that Petitioner's constitutional rights have not been violated. Accordingly, it is ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 1) and Emergency Motion to Enforce October 6, 2026 Order and for Immediate Release or Expedited Relief (D. 11) are DENIED. It is further ORDERED that the Clerk of Court enter final judgment and close the case.

DATED November 25, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge